M’Girk, C. J.,
delivered the opinion of the Court.
In this case Divers filed his bill of complaint against Mark and Rector, and others. As to the others, the bill was dismissed and the cause proceeded against Mark and Rector as non-residents. After an order of publication was made as the law directs, and no appearance, the Court made an order that the bill be taken as confessed against them conditionally, that if they would not appear within five years and bring their bill of review, then the decree should stand absolute. After this was done, Rosvelt petitioned the Court to be made defendant, and it was allowed on the ground that he had an interest in the matter. He then moved to set aside the order for the decree nisi, which was done. The order for a decree was informal, but it might have been amended afterwards nunc pro tunc, if the order for setting it aside had not been made. When this decree nisi was made, we consider the cause as at an end, unless the defendants should appear within the five years and bring their bill of review. This is the only mode of getting at this decree by the defendants: see 38th section of the act respecting chancery practice, Revised Code, 645. . We cannot see how Mr. Rosvelt could lawfully set this decree aside on motion, when the defendants themselves could not have done so. It seems to us that his only mode of redress, if he had an interest in the matter, was by filing an original bill in the nature of a bill of interpleader; but on this point we are not very confident. It may have been right to admit Rosvelt as a defendant. But on the other point we are satisfied the Court erred against the complainant. On the other points made in the cause, it becomes unnecessary to give any opinion.
The decree dismissing the cause is reversed, with costs to Rosvelt. If the complainant will not file his replication instanter, or within a given time, his bill should be dismissed, or the defendant may move to have the cause set for hearing, answer and exhibits. On the coming in of the replication, it would seem the defendant may, if he pleases, have a continuance.